JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

HAR 12 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

3/12/81

DOCKET NO. 456

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MID-ATLANTIC TOYOTA ANTITRUST LITIGATION

TRANSFER ORDER

    This litigation consists of five actions, one each pending in the District of Maryland, the District of Delaware, the Southern District of West Virginia, the District of the District of Columbia and the Middle District of Pennsylvania. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought jointly by plaintiffs in the Maryland, Delaware, West Virginia and District of Columbia actions, to centralize actions in this litigation in the District of Maryland for coordinated or consolidated pretrial proceedings.[1]

    The Panel finds on the basis of the papers submitted and the hearing held that the actions in this litigation raise common questions of fact and that centralization of all actions in the District of Maryland under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions share complex factual questions concerning allegations of a conspiracy or series of conspiracies, in violation of the Sherman Act, to fix, stabilize or maintain the retail prices of Toyota motor vehicles. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    The District of Maryland is clearly the preferable transferee district. Two of the three principal defendants in this litigation have their principal places of business in Maryland, and thus many key witnesses and relevant documents are likely to be found in the District of Maryland. See In re LTV Corp. Securities Litigation, 470 F.Supp. 859, 862 (J.P.M.L. 1979).

---

[1]   The motion included only the Maryland, Delaware, West Virginia and District of Columbia actions. The Pennsylvania action is included in the matter before us because all parties to that action have stated in writing their respective positions on the motion before us and have appeared at the Panel hearing.

    In addition, the Panel has been advised of the pendency in the Eastern District of Virginia of one other related action. This action will be treated as a potential tag-along action. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Maryland be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Joseph H. Young for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

SCHEDULE A

DISTRICT OF DELAWARE
State of Delaware, etc. v. Mid-Atlantic Toyota Distributors, Inc., et al., C.A. No. 80-600

SOUTHERN DISTRICT OF WEST VIRGINIA
State of West Virginia, etc. v. Mid-Atlantic Toyota Distributors, Inc., et al., C.A. No. 80-2528

DISTRICT OF MARYLAND
State of Maryland, etc. v. Mid-Atlantic Toyota Distributors, Inc., et al., C.A. No. JH-80-3238

DISTRICT OF THE DISTRICT OF COLUMBIA
District of Columbia, etc. v. Mid-Atlantic Toyota Distributors, Inc., et al., C.A. No. 80-3237

MIDDLE DISTRICT OF PENNSYLVANIA
Daniel E. Golub, etc. v. Mid-Atlantic Toyota Distributors, Inc., et al., C.A. No. 81-0092